Philip L. Hirschhorn
Jacqueline M. Weyand
BUCHANAN INGERSOLL & ROONEY PC
1290 Avenue of the Americas, 30th Floor
New York, New York 10104-3001
Phone: (212) 440 4400
Fax: (212) 440 4401

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ZOETIS LLC, ZOETIS SERVICES LLC, and ZOETIS US LLC,<br><br>     *Plaintiff*s,<br> - against -<br><br>ROADRUNNER PHARMACY, INC.,<br><br>     *Defendant*. | C.A. No.: 1:15-cv-03193-NLH-AMD |

**ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS**

  Plaintiffs Zoetis LLC, Zoetis Services LLC and Zoetis US LLC (collectively, "Zoetis" or "Plaintiffs"), by its undersigned counsel, hereby files this Answer and Affirmative Defenses to Defendant Roadrunner Pharmacy Inc.'s Counterclaims.

  1. Roadrunner is an Arizona business with a place of business at 711 E. Carefree Hwy Suite 140, Phoenix Arizona. Roadrunner is a licensed compounding pharmacy.

**RESPONSE**

  Admitted upon information and belief.

  2. Upon information and belief, Zoetis LLC is a Delaware limited liability company with a place of business at 100 Campus Drive, Florham Park, New Jersey, and a wholly-owned subsidiary of Zoetis Inc.

**RESPONSE**

  Admitted.

  3. Upon information and belief, Zoetis Services LLC is a Delaware limited liability company with a place of business at 100 Campus Drive, Florham Park, New Jersey, and a wholly-owned subsidiary of Zoetis Inc.

**RESPONSE**

  Admitted.

  4. Upon information and belief, Zoetis US LLC is a Delaware limited liability company with a place of business at 100 Campus Drive, Florham Park, New Jersey, and a wholly-owned subsidiary of Zoetis Inc.

**RESPONSE**

  Admitted.

## JURISDICTION AND VENUE

  5. This lawsuit involves subject matter arising under the trademark and patent laws of the United States, Titles 15 and 35 of the United States Code respectively, and this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) as well as the Federal Declaratory Judgment Act, 28 U.S.C. §2201 and 2202.

**RESPONSE**

  The allegation of paragraph 5 contains contentions of law which Zoetis is not required to admit or deny. Admitted that Zoetis initiated the above-captioned lawsuit to remedy, *inter alia*, infringement of Plaintiffs' trademark and patent rights under the relevant provisions of the United States Code as set forth in Plaintiffs' Second Amended Complaint.

  6. This Court has personal jurisdiction over Zoetis because they have and are doing business within this state and they have filed the present lawsuit in this district.

**RESPONSE**

  Admitted.

7.  Venue is proper in this district pursuant to 28 US.C. §1391 in that a substantial part of the events giving rise to the claims brought herein occurred in this district, including the present lawsuit pending in this district.

**RESPONSE**

Admitted.

## GENERAL ALLEGATIONS

8.  Upon information and belief, Zoetis Services LLC is the sole owner by assignment of all rights in federal trademark Registration No. 3861904 for the trademark APOQUEL® (the "'904 trademark registration").

**RESPONSE**

Admitted.

9.  Upon information and belief, Zoetis Services LLC is the sole owner by assignment of all rights in U.S. Patent No. 8,133,899 (the "'899 patent"). Upon information and belief, Zoetis LLC and Zoetis US LLC are exclusive licensees of the '899 patent.

**RESPONSE**

Admitted.

10. Upon information and belief, Zoetis Services LLC is the sole owner by assignment of all rights in U.S. Patent No. 8,987,283 (the "'283 patent"). Upon information and belief, Zoetis LLC and Zoetis US LLC are exclusive licensees of the '283 patent.

**RESPONSE**

Admitted.

11. Zoetis markets APOQUEL®, which is a drug approved for use in canines for the control of pruritus associated with allergic dermatitis and control of atopic dermatitis in dogs at least 12 months of age.

**RESPONSE**

Admitted that Zoetis markets APOQUEL® and that the approved indications for APOQUEL® include its use in canines for the control of pruritus associated with allergic dermatitis and control of atopic dermatitis in dogs at least 12 months of age.

12. APOQUEL® was introduced in 2014, but on information and belief, Zoetis has been unable to keep up with the demand for the product due to manufacturing and supply problems, which have resulted in a shortage of the product.

**RESPONSE**

Admitted that APOQUEL® received approval for market and launched in 2014, but denied as to the remaining allegation of paragraph 12.

13. Roadrunner sells a product for the treatment of dermatological conditions in animals, which contains an ingredient that Roadrunner refers to as oclacitinib.

**RESPONSE**

Admitted upon information and belief that Roadrunner sells oclacitinib products, but denied as to the remaining allegations of paragraph 13.

14. Zoetis filed the present lawsuit against Roadrunner on May 6, 2015 alleging, *inter alia,* infringement of the '283 and '899 patents.

**RESPONSE**

Admitted.

15. Roadrunner denied Zoetis' patent infringement allegations and moved to dismiss the patent infringement causes of action on July 6, 2015.

**RESPONSE**

Admitted.

16. The Court granted Roadrunner's motion to dismiss in part and dismissed Zoetis' patent infringement causes of action on February 25, 2016.

**RESPONSE**

Denied, but admitted that the Court issued an Order (Dkt. 44) and refers to the Court's Opinion (Dkt. 43) for a full statement of its contents.

17. Zoetis amended its pleading on May 29, 2016 to add patent infringement counts back into its pleading.

**RESPONSE**

Denied, except admitted that Zoetis filed and served a Second Amended Complaint.

18. Roadrunner continues to deny that it has or is infringing the '283 and '899 patents.

**RESPONSE**

Denied as to knowledge or information concerning Roadrunner's intention, but admitted that Roadrunner has answered the Second Amended Complaint with denials.

19. An actual controversy of a justiciable nature exists between Roadrunner and Zoetis regarding whether Plaintiff is infringing the '283 and '899 patents. Roadrunner is entitled to a declaratory judgment of its rights under 28 U.S.C. §§ 2201 and 2202 to afford relief from the uncertainty and controversy that Zoetis' assertions have precipitated.

**RESPONSE**

Plaintiffs deny that the controversy between Plaintiffs and Roadrunner is "actual," but admitted that Roadrunner claims that an actual controversy exists.

**FIRST COUNTERCLAIM**
**Declaration That the '899 Patent is Invalid**

20. Roadrunner repeats and incorporates the allegations contained in the preceding paragraphs.

**RESPONSE**

Plaintiffs repeat and restate their responses as if fully set forth herein.

21. The claims of the '899 patent are invalid for failure to satisfy one or more of the provisions set forth in 35 U.S.C. §§ 101 et seq., including, but not limited to, the requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

**RESPONSE**

Denied.

5

22. Roadrunner is entitled to a judicial determination that the claims of the '899 patent are invalid.

**RESPONSE**

Denied.

## SECOND COUNTERCLAIM
### Declaration That The '283 Patent Is Invalid

23. Roadrunner repeats and incorporates the allegations contained in the preceding paragraphs.

**RESPONSE**

Plaintiffs repeat and restate their responses as if fully set forth herein.

24. The claims of the '283 patent are invalid for failure to satisfy one or more of the provisions set forth in 35 U.S.C. §§ 101 et seq., including, but not limited to, the requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

**RESPONSE**

Denied.

25. Roadrunner is entitled to a judicial determination that the claims of the '283 patent are invalid.

**RESPONSE**

Denied.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury on all issues raised in Defendant's Counterclaims that are so triable.

## RESPONSE TO DEFENDANT'S PRAYER FOR RELIEF

Plaintiffs deny that Defendant Roadrunner is entitled to any relief.

## AFFIRMATIVE AND OTHER DEFENSES

Plaintiffs reserve any and all affirmative defenses and any and all defenses of any kind not expressly stated herein that may be discovered though research, investigation or discovery.

## FIRST AFFIRMATIVE DEFENSE

Defendant Roadrunner has failed to state a claim upon which relief may be granted.

## PLAINTIFFS' PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask that this Court enter judgment in its favor denying all relief to Defendant Roadrunner on its Counterclaims, including:

A. Enter judgment for the Zoetis Plaintiffs denying declaration of invalidity for the '899 patent;

B. Enter Judgment for the Zoetis Plaintiffs denying a declaration of invalidity of the '283 patent;

C. Declare the case exceptional under 35 U.S.C. § 285 and award the Zoetis Plaintiffs their reasonable attorneys' fees and costs;

D. Award the Zoetis Plaintiffs such other and further relief as may be just and proper.

Dated: April 7, 2016  /s/ Philip L. Hirschhorn
Philip L. Hirschhorn
*Counsel for Plaintiffs*

7

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 7, 2016, a true and correct copy of the foregoing document was filed using the Court's CM/ECF system. Electronic service will be completed on all counsel of record by operation of the Court's Electronic Filing System and transmission of the Notice of Electronic Filing.

Dated: April 7, 2016                                            /s/ Philip L. Hirschhorn
                                                                             Philip L. Hirschhorn